UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LORA ANNE CRAYON | CIVIL ACTION |
| VERSUS | NO: 07-5138 |
| NATIONAL FLOOD INSURANCE PROGRAM | SECTION: J(5) |

**ORDER AND REASONS**

Before the Court is the **Motion to Dismiss/Motion for Summary Judgment (Rec Doc. 26)** filed by R. David Paulison, Administrator of the Federal Emergency Management Agency ("FEMA"), on behalf of the National Flood Insurance Program ("NFIP") (collectively referred ti as "FEMA"), seeking an order dismissing Plaintiff's claims for lack of subject matter jurisdiction, failure to state a cause of action, and/or for a summary dismissal of Plaintiff's claims. After review of the record, the memoranda of counsel, and the applicable law, the Court finds that FEMA's motion should be granted for the reasons that follow.

**PROCEDURAL HISTORY AND BACKGROUND FACTS**

Plaintiff was the named insured for a property located at 5210-12 Demontluzin Street in New Orleans, Louisiana, under an SFIP purchased directly from FEMA. The coverage included $127,500 for building coverage with a $500 deductible, and $25,000 in contents coverage with a $500 deductible. Plaintiff's property incurred flood damage as a result of Hurricane Katrina, and Plaintiff contacted FEMA on September 8, 2005 to notify the

agency of her flood loss. Richard Woodward, and independent adjuster, inspected the property on October 9, 2005, and assessed actual cash value of the building loss at $107,523.12 (after the $500 deductible), and the contents loss at $25,000 after the deductible.

FEMA claims that these amounts ($107,523.12 and $25,000) were paid to Plaintiff in full. FEMA further claims that at no time after receipt of the payments did Plaintiff submit a timely and complete Proof of Loss ("POL") certifying the damages claimed in this lawsuit.

## THE PARTIES' ARGUMENTS

FEMA argues very simply that Plaintiff's failure to file a timely POL - that is, a POL within one year of the August 29, 2005 date of loss of Hurricane Katrina based on Plaintiff's disagreement with her original adjustment, settlement, or payment - requires dismissal of this action.

In opposition, Plaintiff argues that, while FEMA suggests that the full amount of the adjusted flood loss was paid on November 2, 2005, *Plaintiff did not actually receive the check dated November 2, 2005*, which was only for the adjusted amount of the building loss and was eventually cancelled as "stale" by FEMA. According to Plaintiff, due to post-storm relocations and resulting mailing address confusion, she did not actually receive the partial payment check until October 11, 2006 *more than two*

*months after the termination* of the one-year proof of loss extension issued by FEMA after Katrina.[1] Based on these facts, Plaintiff argues that her requirement to file a POL with one year of loss was mooted because the partial payment that she contests was not even received until after the termination of the one-year extended POL period. Furthermore, Plaintiff argues that the very purpose of the extended POL period was to avoid the harsh effect of rigid regulations against the thousands of displaced policy holders. Thus, because she was not even paid until after that one year period, Plaintiff argues the timely POL requirement is inapplicable.

## **DISCUSSION**

As an initial matter, the Court notes that, to the extent FEMA's present motion is styled as both a motion to dismiss and motion for summary judgment, it must be considered as a motion for summary judgment. "A motion to dismiss should be converted to a motion for summary judgment when the court relies on matters outside of the pleadings." Fernandez-Montes v. Allied Pilots Ass'n, 987 F.2d 278, 283 (5th Cir.1993). In support of its present motion, FEMA relies on the declaration of Karen Christian, the Insurance Examiner in FEMA's Mitigation

---

[1] Plaintiff does not address whether she received the two checks, dated September 16, 2005 ($3,000) and November 2, 2005 ($22,000) that formed the payment of the contents portion of her insurance coverage.

Directorate, regarding FEMA's handling of Plaintiff's claim and her failure to file a POL. Rec. Doc. 27-4. FEMA also relies on other policy documents and copies of checks, all of which constitute evidence outside of the pleadings. Rec. Doc. 27-5. As such, under Rule 12(d) of the Federal Rules of Civil Procedure,[2] the Court will consider FEMA's motion as one for summary judgment under Rule 56.

### A. Summary Judgment Standard

Summary judgment is appropriate if "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 588 (1986).

### B. Requirements Applicable to the SFIP

Under FEMA regulations, strict adherence is required to all terms of the SFIP. 44 C.F.R. §§ 61.13(a), (d), (e). The SFIP provides that within 60 days after the loss (or within any

---

[2] "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d).

4

extension authorized by FEMA), the claimant must file a signed and sworn POL listing ... (1) "the actual cash value ... of each damaged item of insured property ... and the amount of damages sustained," and (2) "the amount ... claim[ed][as] due under [the] policy to cover the loss...." Id.; 44 C.F.R. Pt. 61 App. A(1), Art. IX, ¶ J(3). Forman v. Federal Emergency Management Agency, 138 F.3d 543, 545 (5th Cir. 1998). Because of the extent of the damage resulting from Hurricane Katrina and a shortage of qualified adjusters, on August 31, 2005, FEMA waived the requirement to file a POL prior to receiving insurance proceeds. Under the waiver, the loss would be payable as soon as practicable after the insurer received the adjuster's report. If the insured disagreed with the adjuster's report, a POL would be required as follows:

> In the event a policyholder disagrees with the insurer's **adjustment, settlement, or payment of the claim**, a policyholder may submit to the insurer a [POL] within one year from the date of the loss ... The insurer will then process the policyholder's [POL] in its normal fashion. If the insurer rejects the [POL] in whole or in part, the policyholder may file a lawsuit against the insurer within one year of the date of the written denial of all or part of the claim.

Id. (emphasis added).

The requirements for submitting a [POL] are detailed in 44 C.F.R. Pt. 61, App. A(1), Art. VII(J)(4):

> Within 60 days after the loss, send us a [POL], which is your statement of the amount you are claiming under the policy signed and sworn to by you, and which furnishes us with the following information:

> a. The date and time of loss;
>
> b. A brief explanation of how the loss happened;
>
> c. Your interest (for example, "owner") and the interest, if any, of others in the damaged property;
>
> d. Details of any other insurance that may cover the loss;
>
> e. Changes in title or occupancy of the covered property during the term of the policy;
>
> f. Specifications of damaged buildings and detailed repair estimates;
>
> g. Names of mortgagees or anyone else having a lien, charge, or claim against the insured property;
>
> h. Details about who occupied any insured building at the time of the loss and for what purpose; and
>
> I. The inventory of damaged personal property described in J.3. above.

As the provisions of an insurance policy issued pursuant to a federal program must be strictly construed and enforced, an insured's failure to provide a complete, sworn POL statement, as required by the flood insurance policy, relieves the federal insurer's obligation to pay what otherwise might be a valid claim. Gowland v. Aetna, 143 F.3d 951, 954 (5th Cir.1998).

In Gowland, the Court stated "it is clear that giving notice of loss and providing a sworn [POL] statement are separate and

distinct requirements of the policy." Id. at 954. Although the Gowlands provided notice of loss through their agent, they never filed a formal [POL] statement as required by the flood policy. Id. As a result, the court affirmed the grant of the insurer's motion for summary judgment.

Most recently, the Fifth Circuit in <u>Marseilles Homeowners Condominium Association, Inc. v. Fidelity National Insurance Co.</u> similarly held that because the plaintiff in that case failed to submit a sworn [POL] within one year of the date of the loss, the suit was precluded as a matter of law. 542 F.3d 1053, 1056 (5th Cir. 2008).

### C. FEMA's Present Motion

In this case, it is undisputed that Plaintiff did not file a POL within the one-year extension granted by FEMA. However, Plaintiff argues that she was not required to file within that year because she was not in fact paid until two months after the year-long extension expired. However, the Court notes that the language of the FEMA waiver that extended the POL period states that "[i]n the event a policyholder disagrees with the insurer's **adjustment, settlement, or payment** of the claim a policyholder may submit to the insurer a [POL] within one year from the date of the loss . . . ." Thus, the one-year period within which to file a POL is not triggered *solely* by payment of an amount by the insurer, but on either the adjustment, settlement, or payment of

7

a claim.  As such, Plaintiff, to the extent she had a dispute as to the amount of the adjusted value of her losses, should have filed a POL within a year of the October 9, 2005 inspection at which those losses were determined.

Furthermore, Plaintiff's argument that the one-year POL period is moot based on FEMA's late payment is unavailing. "[T]he provisions of an insurance policy issued pursuant to a federal program must be strictly construed and enforced, ... an insured's failure to provide a complete, sworn proof of loss statement, as required by the flood insurance policy, relieves the federal insurer's obligation to pay what otherwise might be a valid claim."  Marseilles Homeowners Condominium Ass'n Inc. v. Fidelity Nat. Ins. Co., 542 F.3d 1053, 1056 (5th Cir. 2008) (quoting Richardson v. American Bankers Ins. Co., 279 Fed. Appx. 295, 299 (5th Cir.2008) & Gowland v. Aetna, 143 F.3d 951, 953. 954 (5th Cir. 1998)).  Furthermore, "the Supreme Court has never upheld an assertion of estoppel against the Government by a claimant seeking public funds."  Id. at 1056 (citing Richardson, 279 Fed. Appx. at 299) (quotations omitted).  In fact, the Fifth Circuit in Richardson rejected the plaintiff's equitable argument that the defendant insurer "waived or should be equitably estopped from raising POL as a defense because its attorney told [plaintiff] that POL would not be raised as a defense in the lawsuit."  Richardson, 279 Fed. Appx. at 299.  In addition to

8

noting the Supreme Court's holding that it "has never upheld an assertion of estoppel against the Government by a claimant seeking public funds," the Richardson court noted that "in Wright v. Allstate Ins. Co., [the Fifth Circuit] held that as in Gowland, ... the doctrine of equitable estoppel is unavailable in a claim by an insured against a WYO carrier asserting a POL defense." Id. (citing Office of Pers. Mgmt. v. Richmond, 496 U.S. 414, 434 (1990) & Gowland, 415 F.3d at 387). Accordingly, to the extent that Plaintiff makes the equitable argument that the late receipt of her payment constitutes a waiver of the POL requirement, her argument is contrary to Fifth Circuit law. See also Marseilles, 542 F.3d at 1056 ("We follow the persuasive analysis in Richardson [regarding estoppel], which simply applies controlling precedent in a manner consistent with prior precedent."); Shuford v. Fidelity Nat. Property & Cas. Ins. Co. 508 F.3d 1337 (11th Cir. 2007) (cited by Marseilles and denying equitable estoppel argument for failure to timely file POL, despite the fact that insurer erroneously informed plaintiff that POL had to be filed within 60 days as opposed to the one year extension).

This conclusion parallels the conclusion of Section C of this Court in Zitler v. National Flood Insurance Program, 2009 WL 537644 (E.D. La. Mar. 2, 2009). The plaintiff in Zittler sued under an SFIP issued by FEMA. Id. at *1. The undisputed facts

showed that after inspection of the plaintiff's property, FEMA paid $105,577.39 on January 23, 2006. Id. Subsequently, on July 20, 2007, FEMA sent a letter to the plaintiff advising that his request for additional payment was denied. Id. The plaintiff filed suit on July 21, 2008, but at no time had he filed a POL. Id. FEMA sought summary judgment and/or dismissal based on the plaintiff's failure to file a timely POL. Id. The Zittler court succinctly held that regardless of the plaintiff's alleged dealings and correspondence with FEMA during the events leading up to his suit, the one-year extension of the POL time period was a hard and fast rule requiring strict compliance under Marseilles. Id. As such, the Zittler court dismissed the case. Id.

The same result, unfortunately, must obtain here. "Such an austere treatment of the claims by those who claim ignorance of or mistake regarding the specifics of a federally regulated program is well established." Tucard, LLC v. Fidelity Nat. Property & Cas. Ins. Co., 567 F. Supp. 2d 215, 222 (D. Mass. 2008) (denying claim under SFIP based on plaintiff's erroneous inclusion of incorrect insured address on policy application). While it is unfortunate that Plaintiff may have innocently failed to file a POL due to late payment of the amounts owed under her policy as the result of mailing address troubles, "strict adherence is required to all terms of the SFIP." Marseilles, 138

F.3d at 545. Compare Santangelo v. State Farm Fire & Cas. Ins. Co., 2007 WL 1655549, *5 (E.D. La. June 6, 2007) (denying plaintiff's claims under SFIP based on fact that, although plaintiffs mailed policy renewal check within 30 days of policy expiration, the insurer did not actually receive check within 30 days as required under SFIP and thus "[p]laintiffs did not effectively renew their policy . . . because the payment was not received by the insurer until thirty days following the expiration date"). Based on Plaintiff's failure to file a timely POL in this case, there are no material issues of fact and FEMA is entitled to judgment as a matter of law. Accordingly,

**IT IS ORDERED** that FEMA's **Motion to Dismiss/Motion for Summary Judgment (Rec Doc. 26)** is hereby **GRANTED**.

New Orleans, Louisiana, this 22nd day of May, 2009.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE